**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Cr. ID. No. 1903006607 |
| | ) | |
| RONALD M. HOSTUTLER, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: April 30, 2021
Decided: May 27, 2021

Upon Commissioner's Report and Recommendation
That Defendant's Motion for Postconviction Relief
Should Be Denied

**ADOPTED**

## ORDER

Matthew C. Buckworth, Esq., Deputy Attorney General, Department of Justice, Wilmington, Delaware, *Attorney for the State of Delaware*.

Ronald M. Hostutler, Howard R. Young Correctional Institution, Wilmington, Delaware, *pro se*.

**JOHNSTON, J.**

1

This 27th day of May, 2021, the Court has considered the Commissioner's Report and Recommendation, Defendant's Motion for Postconviction Relief (the "Motion"), and the relevant proceedings below.[1] For the reasons discussed below, Defendant Ronald Hostutler's Motion is hereby denied.

## BACKGROUND

On March 11, 2019, police received a call about a single car accident. Upon arrival at the scene, the responding officer observed an unattached car bumper lying on the sidewalk. The officer also observed Defendant behind the wheel of a Toyota Corolla with the keys in the ignition and the engine running. The Corolla was missing its bumper. The officer observed that Defendant had glassy blood shot eyes and smelled like alcohol. Additionally, the officer observed a half empty bottle of Vodka near Defendant's feet.

Defendant exited the car and admitted to consuming two shots of alcohol before operating his vehicle. The officer performed several field sobriety tests. Defendant was unable to successfully complete the physical field sobriety test. At the scene of the accident, Defendant submitted to a PBT which produced a blood alcohol content reading of 0.192%. After being transported to the police department, Defendant submitted to a second Intoxilyzer test. The second test produced a blood alcohol content reading of 0.162%.

---

[1] Defendant did not file any objection to the Commissioner's Report and Recommendation.

2

Defendant entered into a Plea Agreement on January 14, 2020. In the Plea Agreement, Defendant agreed to plead guilty to the charge of Driving Under the Influence and the State agreed to recommend 5 years at Level V, suspended after 18 months, followed by 12 months at Level III. Because this was Defendant's fifth offense for driving under the influence, 18 months at Level 5 was the minimum mandatory sentence. On the same date, Defendant executed the Truth-in-Sentencing Guilty Plea Form. Defendant affirmed that he was knowingly and voluntarily agreeing to plead guilty and waiving his constitutional trial rights. Defendant also confirmed that he understood his guilty plea would involve a minimum mandatory sentence.

Defendant did not file an appeal after his sentencing. However, on April 13, 2020, Defendant filed the Motion at issue. The Motion was referred to this Court to be considered as if the Motion had been filed as a Motion for Correction or Reduction of Sentence under Superior Court Criminal Rule 35.

The Motion was then assigned to a Superior Court Commissioner pursuant to 10 *Del. C.* § 512(b) and Superior Court Criminal Procedure Rule 62. The Commissioner summarized Defendant's arguments as follows:

> (1) due to Covid-19 he is unable to participate in certain programs and he would like to be flowed to probation; (2) due to his incarceration he cannot collect disability to financially support his family; (3) he suffers

from a back injury and other health concerns; and (4) his lawyer did not put any effort into his case.[2]

## ANALYSIS

As a threshold matter, the Court must determine whether there are any procedural bars to Defendant's Motion. Motions for postconviction relief must be filed within one year of the date the conviction became final.[3] Additionally, a defendant cannot bring repetitive motions.[4] This is Defendant's first motion, and the motion was timely filed. Therefore, the Court will turn to the merits of Defendant's claims.

### *Claims 1, 2, and 3*

Although Defendant was not barred from filing his Motion, his first three claims are substantively barred. Defendant cannot raise "any ground for relief that was not asserted in the proceedings leading to the judgment of conviction"[5] or "any ground for relief that was formerly adjudicated."[6] The Commissioner found that: (1) Defendant is barred from challenging the State's evidence;[7] and (2) Defendant was aware of his financial situation before pleading guilty.[8] The Court agrees and adds that Defendant was likewise aware of his health issues prior to pleading guilty.

---

[2] Comm'r Report of Jan. 6, 2021, at 4.
[3] Super. Ct. Crim. R. 61(i)(1).
[4] *Id.* 61(i)(2).
[5] *Id.* 61(i)(3).
[6] *Id.* 61(i)(4).
[7] Comm'r Report at 5.
[8] *Id.* at 8 n. 16.

The Court also finds that the inability to participate in certain programs is not grounds for relief. Therefore, Defendant's first three claims fail.

### Claim 4

Defendant's fourth argument can be construed as a claim of ineffective assistance of counsel. This claim is appropriately raised in a motion for postconviction relief. In order to succeed on a claim of ineffective assistance of counsel, a defendant must show that (1) counsel's performance was deficient, *i.e.*, that it fell below "an objective standard of reasonableness," and (2) counsel's deficient performance prejudiced the defendant.[9] After careful consideration, the Commissioner found that Defendant failed to meet this burden.[10] The Court agrees.

There is no evidence that Defendant's Trial Counsel was deficient. Trial Counsel reviewed discovery with Defendant, weighed the evidence, and found that there were no viable challenges to the State's case.[11] Further, there is no evidence that Trial Counsel's actions prejudiced Defendant. The State's case against Defendant was strong. Defendant was found behind the wheel of his vehicle—which had clearly lost a bumper—with the keys in the ignition and the engine running. The officer observed a bottle of Vodka and smelled the odor of alcohol. Finally, Defendant not only admitted to consuming alcohol prior to operating his vehicle but

---

[9] *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).
[10] Comm'r Report at 8.
[11] *See id.* at 6-7.

also failed the field sobriety tests and had a blood alcohol content well over the legal limit. Defendant has not shown "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[12]  Therefore, Defendant's ineffective assistance of counsel argument fails.

## CONCLUSION

The Court holds that the Commissioner's Report and Recommendation dated January 6, 2021 should be adopted for the reasons set forth therein.  The Commissioner's findings are not clearly erroneous, are not contrary to law, and are not an abuse of discretion.[13]

**THEREFORE,** after a careful *de novo* review of the record in this action, the Court hereby **adopts the Commissioner's Report and Recommendation in its entirety**.  Defendant's Motion for Postconviction Relief is hereby **DENIED.**

**IT IS SO ORDERED.**

The Honorable Mary M. Johnston

---

[12] *Strickland*, 466 U.S. at 694.
[13] Super. Ct. Crim. R. 62(a)(4)(iv).

6